LORAIN COUNTY BAR ASSOCIATION *v.* PATERSON.

[Cite as *Lorain Cty. Bar Assn. v. Paterson,*
98 Ohio St.3d 446, 2003-Ohio-1638.]

(No. 2002–2219––Submitted February 12, 2003––Decided April 16, 2003.)

––––––––

**Per Curiam.**

{¶ 1} In 2001, two persons filed grievances with relator, Lorain County Bar Association, complaining about the representation provided by respondent, James J. Paterson of Lorain, Ohio, Attorney Registration No. 0062320, in certain

criminal cases. Respondent subsequently failed to comply with two subpoenas instructing him to appear before relator.

{¶ 2} On June 17, 2002, relator filed a complaint charging respondent with having violated a Disciplinary Rule and a Rule for the Government of the Bar. On October 23, 2002, the parties filed an untimely consent-to-discipline agreement. See Rule 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline of the Supreme Court ("BCGD Proc.Reg."). The matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court upon the parties' agreement, respondent's affidavit, and respondent's deposition. The panel treated the untimely consent-to-discipline agreement as a stipulation. BCGD Proc.Reg. 11(F). The panel found the facts as previously set forth and concluded that respondent had violated Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation).

{¶ 3} In mitigation, the panel noted that respondent had been admitted to the practice of law in 1993 and had no prior disciplinary record. BCGD Proc.Reg. 10(B)(2)(a). In addition, the panel found that when relator issued its subpoenas, respondent was in the process of closing his office and discontinuing the active practice of law.

{¶ 4} The panel recommended, as the parties had agreed, that respondent be publicly reprimanded. The board adopted the findings, conclusions, and recommendation of the panel, and further recommended that the costs of the proceedings be taxed to respondent.

{¶ 5} We agree with the board that a public reprimand is appropriate for respondent's violation of Gov.Bar R. V(4)(G). See, e.g., *Lorain Cty. Bar Assn. v. Ross,* 97 Ohio St.3d 224, 2002-Ohio-5803, 778 N.E.2d 39, and *Cuyahoga Cty. Bar Assn. v. Rubino* (2000), 87 Ohio St.3d 466, 721 N.E.2d 986. Respondent is hereby publicly reprimanded. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

———

Daniel A. Cook, for relator.

James J. Paterson, pro se.