CLEVELAND BAR ASSOCIATION *v.* JAMES.

[Cite as *Cleveland Bar Assn. v. James,*
109 Ohio St.3d 310, 2006-Ohio-2424.]

(No. 2005-2393—Submitted February 8, 2006—Decided May 31, 2006.)

---

**Per Curiam.**

{¶ 1} Respondent, Ronald Dennis James of Shaker Heights, Ohio, Attorney Registration No. 0041120, was admitted to the Ohio bar in 1977.

{¶ 2} On February 7, 2005, relator, Cleveland Bar Association, filed a complaint charging respondent with professional misconduct. Attempts to serve respon-

dent by certified mail were unsuccessful, and the complaint was served on the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B). Respondent did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion, making findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

## Misconduct

{¶ 3} In August 2000, Valencia Jordan spoke with respondent on behalf of her employer, Victory Transportation. Jordan asked respondent to consider representing the company in a matter involving a stolen tractor-trailer, and she gave him some paperwork to help him analyze the matter. Later, she asked respondent to return the documents, but he failed to do so, and he performed no legal work on behalf of Jordan or her employer.

{¶ 4} Jordan filed a grievance against respondent with relator. Relator then sent several letters and made several phone calls to respondent in 2002 asking him to respond to the grievance. Respondent never replied.

{¶ 5} The master commissioner assigned to the case concluded that relator had not presented sufficient evidence of any violations of the Disciplinary Rules, because, as relator acknowledged in its motion for default, respondent had not accepted a retainer and had not signed a fee agreement or a contract of employment with Jordan or her employer. The master commissioner and the board did find, however, that respondent had violated Gov.Bar R. V(4)(G) (requiring attorneys to cooperate with and assist in any disciplinary investigation). We agree with that finding.

## Sanction

{¶ 6} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board cited no mitigating factors, but did identify respondent's failure to cooperate in the disciplinary process as an aggravating factor. BCGD Proc.Reg. 10(B)(1)(e).

{¶ 7} Relator recommended that respondent be suspended from the practice of law for one year. The master commissioner and the board instead recommended that respondent be publicly reprimanded.

{¶ 8} We agree with relator that respondent should be suspended from the practice of law for one year. Attorneys must timely respond to a disciplinary inquiry, whether the inquiry relates to the lawyer's own conduct or that of a colleague. Compliance with this obligation is critical to the effectiveness of the

legal profession's effort to monitor itself. Although every communication from a disciplinary agency should be taken seriously, the initial inquiry about a client grievance should receive the respondent lawyer's immediate and professional attention. Because respondent in this case failed to respond to relator's inquiries, he violated his obligation under Gov.Bar R. V(4)(G) to cooperate and assist in a disciplinary investigation.

{¶ 9} We have imposed public reprimands in other cases involving Gov.Bar R. V(4)(G) violations. See, e.g., *Lorain Cty. Bar Assn. v. Paterson*, 98 Ohio St.3d 446, 2003-Ohio-1638, 786 N.E.2d 874; *Cuyahoga Cty. Bar Assn. v. Rubino* (2000), 87 Ohio St.3d 466, 721 N.E.2d 986. In those cases, however, the attorneys did eventually respond to the grievances and did participate in the disciplinary process. In this case, respondent has never responded to any letters or phone calls from relator and has not answered the relator's formal complaint. This utter lack of cooperation is disrespectful to the legal profession and to respondent's colleagues in his community, and it calls into doubt respondent's fitness to serve other clients or potential clients.

{¶ 10} In addition, on December 2, 2005, we suspended respondent from the practice of law for his failure to file a certificate of registration and his failure to pay the fee required by Gov.Bar R. VI for the 2005–2007 biennium. 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671. This professional lapse on the part of respondent offers further support for our conclusion that a suspension rather than a reprimand is warranted in this case.

{¶ 11} Accordingly, respondent is hereby suspended from the practice of law in Ohio for one year. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———

K. Ann Zimmerman and Heather M. Zirke, for relator.