BUTLER COUNTY BAR ASSOCIATION *v.* WILLIAMSON.

[Cite as *Butler Cty. Bar Assn. v. Williamson,*
117 Ohio St.3d 399, 2008-Ohio-1196.]

(No. 2007–1922—Submitted December 12, 2007—Decided March 20, 2008.)

**Per Curiam.**

{¶ 1} Respondent, Karl E. Williamson, Attorney Registration No. 0047204, whose last registered address was in Cincinnati, Ohio, has been admitted to the practice of law in Ohio since 1990. The Board of Commissioners on Grievances and Discipline now recommends that we indefinitely suspend respondent's license to practice based on findings that he became intimately involved with a client after agreeing to represent her. On review, we agree that respondent committed professional misconduct as found by the board and that an indefinite suspension is appropriate.

{¶ 2} Relator, Butler County Bar Association, charged respondent with two counts of misconduct, the first relating to respondent's affair with his client and the second for his failure to appear in response to relator's investigative subpoenas. Attempts to serve the complaint by certified mail were unsuccessful and the mail was unclaimed, and relator served the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B) (clerk is agent for service of notice for lawyers who conceal their whereabouts). A master commissioner appointed by the board heard the case, made findings of fact and conclusions of law, and recommended an indefinite suspension. The board adopted the master commissioner's findings of misconduct and recommended sanction.

### Misconduct

#### Count One

{¶ 3} In May 2004, respondent agreed to represent a female client in proceedings to terminate her marriage before the Butler County Common Pleas Court. He also agreed to help her through a domestic-violence action pending in

Fairfield Municipal Court. The client paid respondent $500 toward a requested $1,000 fee.

{¶ 4} Respondent began dating his client shortly after she hired him. Their relationship became intimate in the end of May 2004, after the client paid the $500 and respondent had appeared at a preliminary hearing in the domestic-violence case against her husband. By mid-June 2004, respondent had allowed the client and her two children to move in with him. The client and her children continued to reside with respondent until October 2004, when the client and her husband reconciled.

{¶ 5} In a letter to his client dated May 27, 2004, respondent claimed to be withdrawing as her lawyer in the divorce or dissolution proceedings. Afterward, he began denying their attorney-client relationship in correspondence to the lawyer representing her husband, although he continued to assist her in secret. As part of his plan to hide their affair, respondent also directed his client not to refer to him in public as her lawyer and promised to have another attorney, one of his colleagues, "sign off" on any required papers. The colleague later testified in a deposition that respondent never consulted him about the client.

{¶ 6} By engaging in an affair with his client and continuing to represent her, respondent risked his client's legal and personal interests for his own advantage. As we said in *Disciplinary Counsel v. Sturgeon*, 111 Ohio St.3d 285, 2006-Ohio-5708, 855 N.E.2d 1221, ¶ 25, "[a] lawyer who attempts to engage in a sexual relationship with a client * * * puts the lawyer's own personal feelings ahead of the objectivity that must be the hallmark of any successful attorney-client relationship." Respondent thereby violated DR 1–102(A)(5) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), 1–102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), and 2–110(B)(2) (requiring a lawyer to withdraw from representation when the lawyer knows or it is obvious that his or her continued employment will violate a Disciplinary Rule). Moreover, by lying to conceal the relationship, respondent violated DR 1–102(A)(4) (prohibiting a lawyer from engaging in conduct involving fraud, deceit, dishonesty, or misrepresentation).

## Count Two

{¶ 7} The client and her husband filed grievances against respondent. In investigating their claims, relator subpoenaed respondent to appear twice, once in November 2005 and again in February 2006. Respondent did not comply with either subpoena. He thereby violated Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in an investigation of misconduct).

## Sanction

{¶ 8} "We have consistently disapproved of lawyers engaging in sexual conduct with clients where the sexual relationship arises from and occurs during the attorney-client relationship. A lawyer's sexual involvement with a client has warranted a range of disciplinary measures depending on the relative impropriety of the situation, including actual suspension from the practice of law." *Cleveland Bar Assn. v. Kodish,* 110 Ohio St.3d 162, 2006-Ohio-4090, 852 N.E.2d 160, ¶ 66. Moreover, a lawyer's failure to cooperate in a disciplinary investigation, in and of itself, may warrant an actual suspension from practice. See, e.g., *Disciplinary Counsel v. Hofelich,* 115 Ohio St.3d 14, 2007-Ohio-4269, 873 N.E.2d 821 (lawyer suspended for six months for failing to respond to initial inquiries about a client grievance); *Cleveland Bar Assn. v. James,* 109 Ohio St.3d 310, 2006-Ohio-2424, 847 N.E.2d 438 (lawyer suspended for one year for his "utter lack of cooperation" during the disciplinary process).

{¶ 9} To determine the appropriate sanction, however, we must also weigh the aggravating and mitigating factors of respondent's case. See Section 10 of the Rules and Regulations Governing Procedure in Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 10} We accept the board's findings regarding aggravating factors. Respondent attempted to mislead relator by reporting during the investigation that his client was actually represented by independent counsel. See BCGD Proc.Reg. 10(B)(1)(f) (prohibiting the submission of false evidence during the disciplinary process). He also changed the date of the letter purporting to terminate his professional relationship with his client so that it appeared to coincide with a date after his last appearance in court on her behalf. Moreover, respondent's license to practice has been under suspension since December 5, 2005, for his failure to properly register as an attorney pursuant to Gov.Bar R. VI. See *In re Williamson,* 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671. No mitigating evidence dissuades us from imposing the recommended indefinite suspension.

{¶ 11} Respondent is therefore indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

Moyer, C.J., and Pfeifer, Lundberg Stratton, O'Connor, Lanzinger, and Cupp, JJ., concur.

O'Donnell, J., dissents.

_____

Bennett A. Manning, for relator.