CLEVELAND METROPOLITAN BAR ASSOCIATION, F.K.A. CUYAHOGA COUNTY BAR ASSOCIATION, *v.* JAFFE.

[Cite as *Cleveland Metro. Bar Assn. v. Jaffe,* 121 Ohio St.3d 260, 2009-Ohio-763.]

(No. 2008–1682—Submitted October 14, 2008—Decided February 26, 2009.)

_____

**Per Curiam.**

{¶ 1} Respondent, David I. Jaffe of Solon, Ohio, Attorney Registration No. 0005153, was admitted to the practice of law in Ohio in 1981. The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for six months, based on findings that he failed to cooperate in a grievance investigation in violation of Gov.Bar R. V(4)(G). We agree that respondent committed professional misconduct as found by the board and accept the recommendation of a six-month suspension.

{¶ 2} Michael Garland filed a grievance against respondent with relator, Cleveland Metropolitan Bar Association (f.k.a. Cuyahoga County Bar Association). On February 16, 2007, relator notified respondent of the grievance and of his duty to cooperate with the investigation and directed him to respond within 14 days. In an e-mail dated March 29, 2007, respondent acknowledged receipt of relator's letter and indicated that he hoped to respond within three weeks. Approximately two weeks later, respondent e-mailed the investigator, falsely

indicating that he had prepared a response and had placed it in the mail. The following month, the investigator sent respondent a letter by e-mail and by certified mail stating that no response had been received and demanding a response within ten days. The certified mail was returned marked "refused," and subsequent attempts to reach respondent by telephone and e-mail were unsuccessful.

{¶ 3} On February 26, 2008, relator filed a complaint charging respondent with failure to cooperate in the investigation arising from the grievance filed by Michael Garland. Respondent filed an answer to the complaint denying the allegation that he had failed to cooperate in the investigation. A notice of deposition was served upon respondent, but on the morning of the deposition, respondent left a voicemail advising relator's counsel that he did not believe that his attendance was required because he had delivered the Garland file to relator's counsel. Respondent did attend a subsequently scheduled deposition and admitted the allegations in the complaint.

{¶ 4} On June 11, 2008, the parties filed an application for discipline by consent. See Rule 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline of the Supreme Court ("BCGD Proc.Reg."). The application was untimely under BCGD Proc.Reg. 11(B) and hence was not accepted. Instead, the matter was submitted to a panel of the board upon the parties' stipulations of facts, exhibits, aggravating and mitigating factors, and an agreed-upon sanction. See BCGD Proc.Reg. 11(F).

{¶ 5} The panel, having accepted the stipulated facts and exhibits, found by clear and convincing evidence that respondent had violated Gov.Bar R. V(4)(G). The panel also accepted the stipulated aggravating and mitigating factors. In aggravation, respondent had a prior disciplinary violation resulting in a two-year suspension with the second year stayed on conditions in 2004. *Disciplinary Counsel v. Jaffe*, 102 Ohio St.3d 273, 2004-Ohio-2685, 809 N.E.2d 1122. Mitigating factors include the lack of a dishonest or selfish motive, the absence of harm to a client, the absence of a pattern of misconduct, respondent's eventual cooperation in the disciplinary process, and his admission of the wrongful nature of his conduct. Respondent's closing of his law office and plans to cease practicing law were also noted.

{¶ 6} In light of the circumstances, the panel recommended, as the parties had agreed, that respondent's license to practice law be suspended for six months. The board adopted the findings, conclusions, and recommendation of the panel and further recommended that the costs of the proceedings be taxed to respondent.

{¶ 7} Based on the violation of Gov.Bar R. V(4)(G) as admitted in the stipulations and the stipulated mitigating and aggravating factors, we accept the board's recommendation of a six-month suspension.

{¶ 8} Respondent is therefore suspended from the practice of law in Ohio for six months. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Ellen S. Mandell, Bar Counsel, and Thomas E. Kocovsky, for relator.

David I. Jaffe, pro se.