MAHONING COUNTY BAR ASSOCIATION *v.* JONES.

[Cite as *Mahoning Cty. Bar Assn. v. Jones,*

123 Ohio St.3d 285, 2009-Ohio-5029.]

*Attorneys — Misconduct — Neglecting entrusted legal matter — Intentionally failing to carry out contract of employment — Six-month suspension, all stayed upon conditions.*

(No. 2009-0691 —— Submitted June 3, 2009 —— Decided October 1, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-021.

_____

**Per Curiam**.

{¶ 1} Respondent, James S. Jones of Bethesda, Maryland, Attorney Registration No. 0064099, was admitted to the practice of law in Ohio in 1994.

{¶ 2} The Board of Commissioners on Grievances and Discipline recommends that we publicly reprimand respondent, based on findings that he failed for approximately eight months after opening a decedent's estate to completely list next of kin, identify estate assets and liabilities, and communicate with his client. We accept the finding that respondent committed this professional misconduct; however, given his substandard performance in this probate proceeding and the inconvenience and delay this caused his client, we conclude that a six-month suspension, stayed on the condition of a one-year monitored probation, is the appropriate sanction.

{¶ 3} Relator, Mahoning County Bar Association, charged respondent with violating three Disciplinary Rules of the former Code of Professional Responsibility: DR 6-101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 7-101(A)(2) (prohibiting a lawyer from intentionally

failing to carry out a contract for the lawyer's professional services), and 2-106(A) (prohibiting a lawyer from collecting a clearly excessive fee). A panel of three board members heard the case, and after relator dismissed the DR 2-106(A) charge, made findings of fact, conclusions of law, and a recommendation for a six-month license suspension, stayed on condition of a one-year monitored probation. The board adopted the panel's findings of misconduct, but "based on the single case of delay and no demonstrable harm to the client," recommended that respondent be publicly reprimanded.

{¶ 4} The parties have not objected to the board report.

### Misconduct

{¶ 5} Respondent, who has been registered on inactive status in Ohio since September 1, 2007, is currently employed in the Washington D.C. area as an in-house corporate counsel, a position that according to him does not require admission to the bar in any particular state. Respondent and relator stipulated to the facts underlying the complaint and to his violations of DR 6-101(A)(3) and 7-101(A)(2). The misconduct occurred while respondent was assisting a widow in the administration of her husband's uncomplicated decedent estate.

{¶ 6} Respondent agreed to represent the client with respect to her husband's estate, which basically entailed the transfer of title to an automobile and their residential real estate. In late September 2006, he obtained a $3,710 fee advance from his client, which he deposited and retained in his client trust account. He then filed applications to probate the estate and to relieve the estate from administration in the Mahoning County Probate Court. The case thereafter languished over the succeeding months, leaving the client to try without success at least 15 times to contact respondent.

{¶ 7} The probate court conducted a status conference in late May 2007. Respondent's client appeared, but respondent did not, because he had not received notice. The probate magistrate's decision faulted respondent for having failed

2

after opening the estate to identify his client as the surviving spouse on the next-of-kin form. Also missing from the application for relief from administration was the form listing the estate assets and liabilities.

{¶ 8} The magistrate additionally disapproved of the amount of respondent's fee and his failure to obtain prior probate court approval. The magistrate consequently advised the client to obtain new counsel and a refund. He also advised the client to file a grievance.

{¶ 9} The client did obtain new counsel, who promptly wound up the estate. Upon that attorney's demand for the return of fees other than for filing costs, respondent partially repaid his former client.[1] Based on the parties' stipulations and respondent's hearing testimony, the panel and board found clear and convincing proof that respondent had violated DR 6-101(A)(3) and 7-101(A)(2). We accept those findings of misconduct.

**Sanction**

{¶ 10} In recommending a sanction for this misconduct, the panel and board weighed the mitigating and aggravating factors of respondent's case. See BCGD Proc.Reg. 10(B)(1) and (2). Mitigating factors included that respondent had no prior record of discipline, had acknowledged wrongdoing and made restitution apparently to his former client's satisfaction, and had cooperated during the disciplinary proceedings. See BCGD Proc.Reg. 10(B)(2)(a), (c), and (d). The panel and board did not specify any aggravating factors.

{¶ 11} We agree with the panel's reasoning and recommendation. Although respondent cooperated with the investigation, made restitution to the client, and has no history of disciplinary violations, the misconduct in this case

---

1. The record is unclear as to whether all but $400 or $500 was repaid.

warrants more than a public reprimand. Respondent took a disproportionately large fee to administer a simple estate in probate, but did not perform the work, tending instead to his own personal affairs. In addition, his client was unable to reach him despite having made 15 attempts.

{¶ 12} Although the magistrate's actions helped to right the ship, the harm had already been done—the magistrate's advice came nine months into the administration of what was, by all accounts, a simple estate, closed by the successor attorney in two and a half months, with only four and a half hours of labor. While the matter was in his hands, respondent mishandled and neglected the case and refused to return the client's phone calls.

{¶ 13} Respondent is therefore suspended from the practice of law in Ohio for six months; however, the suspension is stayed on the conditions that he successfully complete a one-year monitored probation under Gov.Bar R. V(9) and commit no further disciplinary infractions. The suspension, stay, and probation will take effect upon respondent's return to active practice in this state. If respondent fails to comply with the terms of the stay and probation, the stay will be lifted, and respondent will serve the entire six-month suspension.

{¶ 14} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents and would publicly reprimand the respondent.

_____

Comstock, Springer & Wilson Co., L.P.A., and David C. Comstock Jr.; and Ronald E. Slipski, for relator.

James S. Jones, pro se.

_____

4