MAHONING COUNTY BAR ASSOCIATION *v*. JONES.

[Cite as *Mahoning Cty. Bar Assn. v. Jones*,

127 Ohio St.3d 424, 2010-Ohio-6024.]

*Attorneys at law — Misconduct — Failure to cooperate in disciplinary investigation — Six-month stayed suspension.*

(No. 2010-1462 — Submitted September 28, 2010 — Decided

December 16, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 09-075.

_____

**Per Curiam**.

{¶ 1} Respondent, James Sidney Jones of Boardman, Ohio, Attorney Registration No. 0064099, was admitted to the practice of law in Ohio in 1994. Effective September 1, 2007, respondent changed his Ohio attorney- registration status from active to inactive because he had moved out of state to accept another job. His representation of a client prior to that time, however, had generated a disciplinary action, and in 2009 we sanctioned him for misconduct arising out of that representation. In *Mahoning Cty. Bar Assn. v. Jones,* 123 Ohio St.3d 285, 2009-Ohio-5029, 915 N.E.2d 1212, we suspended respondent from the practice of law in Ohio for six months, staying the entire six months on the conditions that he successfully complete a one-year monitored probation under Gov.Bar R. V(8) and commit no further misconduct. Because respondent was on inactive status, the suspension, stay, and probation were to take effect upon his return from inactive to active practice in Ohio. Respondent thus was ordered to notify the clerk's office of his application to resume active status. To date, that has not occurred.

{¶ 2} In October 2009, relator, Mahoning County Bar Association, filed another complaint against respondent in an unrelated matter that also arose before respondent went inactive. Count One alleged that respondent's representation of a client in a securities matter violated DR 6-101(A)(3) of the Code of Professional Responsibility (a lawyer shall not neglect an entrusted legal matter). Count Two alleged that respondent had failed to cooperate in the disciplinary investigation of Count One in violation of Gov.Bar R. V(4)(G).

{¶ 3} A panel of the Board of Commissioners on Grievances and Discipline conducted a hearing on the second complaint and issued a report that contained findings of fact and conclusions of law. As to Count One, the panel concluded that respondent had not violated DR 6-101(A)(3) and recommended that the count be dismissed. As to Count Two, the panel concluded that respondent had failed to cooperate in the disciplinary proceedings in violation of Gov.Bar R. V(4)(G). The panel recommended that respondent be suspended from the practice of law in Ohio for six months, with all six months stayed on the condition that he commit no further misconduct. The board adopted the panel's report and additionally recommended that the sanction be served consecutively to the one imposed by this court in respondent's earlier disciplinary case. We agree with the board's recommendation.

**Misconduct**

{¶ 4} Count One alleged that respondent had neglected a client in a securities matter that ultimately went to arbitration. Respondent vigorously denied this charge and outlined at length the actions that he had taken on her behalf. The board concluded that respondent had not neglected the legal matter entrusted to him. It accordingly found no disciplinary violation and recommended that the count be dismissed. We agree with those findings.

{¶ 5} Count Two alleged that respondent had failed to cooperate in the disciplinary investigation of Count One. Counsel for relator noted a substantial

lack of cooperation and indicated that respondent had not timely provided contact information or verification for interrogatories and had repeatedly delayed in responding to requests for discovery. Counsel for relator also indicated that respondent had never produced his client file as to Count One and had not attended a deposition that relator had scheduled. Respondent did not deny that the delays and omissions alleged by relator had occurred, but instead offered excuses that placed the blame for them on relator. The board was not persuaded and found a violation of Gov.Bar R. V(4)(G). We also agree with those findings.

### Sanction

{¶ 6} In recommending a sanction for this misconduct, the board considered whether any of the mitigating or aggravating factors enumerated in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.") applied. The panel found that respondent's prior disciplinary offense was an aggravating factor under BCGD Proc.Reg. 10(B)(1)(a). It also found that respondent's lack of a dishonest or selfish motive was a mitigating factor under BCGD Proc.Reg. 10(B)(2)(b). The board ultimately recommended a six-month suspension from the practice of law in Ohio, with all six months stayed on the condition that respondent commit no further misconduct. It also recommended that the sanction be served consecutively to the sanction imposed by this court in respondent's earlier disciplinary case.

{¶ 7} Upon review, we adopt the board's findings of fact, conclusions of law, and the recommended sanction. Respondent is hereby suspended from the practice of law in Ohio for six months, with all six months stayed on the condition that respondent commit no further disciplinary violations.[1] This sanction is to be served consecutively to the sanction imposed in 2009.

---

1. Because respondent's misconduct in this case occurred before we imposed the sanction in the first disciplinary matter, it does not serve to revoke the previous stay.

**{¶ 8}** Costs are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

David C. Comstock Jr. and Ronald E. Slipski, Bar Counsel, for relator.

James S. Jones, pro se.

_____