GEAUGA COUNTY BAR ASSOCIATION *v.* CORRIGAN.

[Cite as *Geauga Cty. Bar Assn. v. Corrigan,*

130 Ohio St.3d 84, 2011-Ohio-4731.]

*Attorney misconduct—Failing to respond to a demand for information by a disciplinary authority during an investigation—Six-month suspension, all stayed on condition.*

(No. 2011-0706—Submitted June 21, 2011—Decided September 22, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-034.

_____

**Per Curiam**.

{¶ 1} Respondent, James G. Corrigan of Shaker Heights, Ohio, Attorney Registration No. 0029130, was admitted to the practice of law in Ohio in 1981. On April 12, 2010, relator, Geauga County Bar Association, filed a complaint alleging that respondent had failed to cooperate in its investigation of a grievance filed against him by a former client.[1] A panel of the Board of Commissioners on Grievances and Discipline conducted a hearing and found that respondent's conduct violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation). The board adopted the panel's findings of fact and misconduct as well as its recommended sanction of a six-month suspension from the practice of law, all stayed on condition. Having determined that the board's findings of fact and misconduct are supported by clear and convincing evidence, we adopt them and conclude that a six-month suspension from the practice of law, all stayed on condition, is the appropriate sanction for respondent's misconduct.

_____

1. The board did not pursue charges related to the underlying client grievance.

**Misconduct**

{¶ 2} The board found that in May 2008, a former client of respondent's filed a grievance with the Cleveland Metropolitan Bar Association. Upon discovery that respondent's office was then located in Bainbridge Township, Geauga County, the grievance was transferred to the grievance committee of the Geauga County Bar Association.

{¶ 3} Relator sent a letter to respondent at his home address on June 13, 2008, and sent a second letter to respondent's home and business addresses on October 9, 2008. Each time, relator sent the letters by both certified and regular mail. A member of the grievance committee testified that a number of the letters were returned marked undeliverable or unclaimed. Relator also attempted to reach respondent by phone at least 30 times. Relator was able to leave a message on only one or two occasions—the rest of the time, respondent's voicemail box was full.

{¶ 4} Respondent admitted receiving relator's October 15, 2008 letter regarding the grievance. The investigator testified that respondent called on October 31 and left a voicemail indicating that he vaguely recalled the grievant's name and her legal matter. Respondent stated that he did not have a file for the grievant, but that another attorney, whose name could not be understood from the voicemail, had it. He also left a different telephone number for relator to return his call. There was no response to a subsequent letter sent by regular mail and certified mail. Efforts to reach respondent by telephone continued to be unsuccessful because respondent's voicemail boxes were full.

{¶ 5} Sometime before June 25, 2009, relator was able to leave a message about developments in the case, including the upcoming review of the grievance at a grievance-committee meeting. At that meeting, the board found that it had probable cause to charge respondent with failing to cooperate in the investigation. The next day, respondent called relator's investigator to apologize for not

responding sooner, explaining that he is frequently out of the country and does not often check his voicemail. The investigator advised him that the committee had decided to file a complaint. He told respondent that if he sent a letter to the committee chairman explaining his failure to respond and seeking an opportunity to speak to the entire committee, there was a chance that the committee would reconsider its decision.

{¶ 6} Following the investigator's advice, respondent sent a letter apologizing for his inadequate response, explaining why it had been so difficult to contact him, and seeking an opportunity to address the committee. The chairman of the committee sent respondent a letter advising him to appear at the September 10 committee meeting. Respondent called just before the meeting to advise the committee that he would be 10 to 15 minutes late. The committee transacted other business and waited for respondent for more than an hour, but he did not arrive. When respondent appeared at the committee chairman's office later that day, he was told that he was too late. Respondent made no further efforts to respond to the investigation.

{¶ 7} Unable to obtain service of relator's complaint on respondent by mail, the board served the complaint on the clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B). Respondent answered the complaint and denied the charge against him.

{¶ 8} Respondent appeared at the hearing on the complaint and testified that he was semiretired and traveled out of the country at least eight months of each year and that during that time, his mail was held by the post office. He said that he used his office only for file storage and as the address for some of his private financial dealings and that although mail directed to that address was supposed to be forwarded to his home, he had never received any mail forwarded from the office address. Respondent acknowledged that his voicemail box was often full and that the messages were deleted automatically after 30 days, but he

asserted that because he had no clients, he had no reason to monitor his phone calls during his travels.

{¶ 9} Respondent denied that he had knowingly failed to respond to the disciplinary investigation and claimed that he had not learned of the grievance against him until July 2009. He maintained that he had missed the grievance-committee meeting because he had been stuck in heavy traffic, but the panel did not find this testimony to be credible.

{¶ 10} Based upon these findings, the board found that respondent had violated Prof.Cond.R. 8.1(b).

**Sanction**

{¶ 11} In recommending a sanction, the panel and board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). See *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16.

{¶ 12} As mitigating factors, the board found that respondent has had no prior disciplinary offenses in his 30 years of practice and that he had had no dishonest or selfish motive in committing the misconduct. See BCGD Proc.Reg. 10(B)(2)(a) and (b). However, the board concluded that the aggravating factors— including respondent's lack of cooperation and his refusal to acknowledge the wrongful nature of his conduct—outweighed those mitigating factors. See BCGD Proc.Reg. 10(B)(1)(e) and (g).

{¶ 13} Relator initially planned to recommend that respondent be publicly reprimanded for his misconduct, but citing his continued lack of cooperation and his failure to accept responsibility for his actions even after the complaint had been filed, relator sought a six-month suspension from the practice of law. The board observed that in *Cleveland Metro. Bar Assn. v. Jaffe*, 121 Ohio St.3d 260,

2009-Ohio-763, 903 N.E.2d 628, ¶ 2-3, 7, we imposed a six-month suspension on an attorney who had committed comparable conduct in violation of Gov.Bar R. V(4)(G), and in *Mahoning Cty. Bar Assn. v. Jones*, 127 Ohio St.3d 424, 2010-Ohio-6024, 940 N.E.2d 940, ¶ 5, 7, we imposed a six-month suspension, all stayed, on an attorney who had committed comparable conduct in violation of Gov.Bar R. V(4)(G).  Unlike Jaffe and Jones, who each had prior disciplinary violations, respondent has no prior disciplinary record.  *Jaffe* at ¶ 5; *Jones* at ¶ 1.  Therefore, the board concluded that a six-month stayed suspension was the appropriate sanction for respondent's misconduct.

{¶ 14} We accept the board's findings of fact and misconduct and agree that the appropriate sanction for respondent's misconduct is a six-month suspension fully stayed on the condition that respondent commit no further misconduct.

{¶ 15} Accordingly, we suspend James G. Corrigan from the practice of law in Ohio for six months, all stayed on the condition that he commit no further misconduct.  If respondent fails to comply with the condition of the stay, the stay will be lifted and respondent will serve the full six-month suspension.  Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

O'DONNELL, J., dissents and would impose a public reprimand.

_____

Carrabine & Reardon Co., L.P.A., and James R. Flaiz; and Thrasher, Dinsmore & Dolan, L.P.A., and Todd C. Hicks, for relator.

James G. Corrigan, pro se.

_____