**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Wilcox,* **Slip Opinion No. 2014-Ohio-5264.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-5264

DISCIPLINARY COUNSEL *v.* WILCOX.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Wilcox,* Slip Opinion No. 2014-Ohio-5264.]**

*Attorneys—Misconduct—Prolonged failure to respond to repeated inquiries from disciplinary authority—One-year suspension with conditions for reinstatement.*

(No. 2014-0546—Submitted May 28, 2014—Decided December 4, 2014.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 2013-046.

_____

**Per Curiam**.

{¶ 1} Respondent, Jeffrey Jon Wilcox of Fond du Lac, Wisconsin, Attorney Registration No. 0056288, was admitted to the practice of law in Ohio in 1991. In November 2011, we suspended him for failing to register, and in December 2013, we suspended him for failing to comply with the continuing-legal-education requirements in Gov.Bar R. X. *In re Attorney Registration*

*Suspension of Wilcox,* 130 Ohio St.3d 1420, 2011-Ohio-5627, 956 N.E.2d 310; *In re Wilcox*, 137 Ohio St.3d 1428, 2013-Ohio-5466, 998 N.E.2d 1182. These suspensions remain in effect.

{¶ 2} In August 2013, relator, disciplinary counsel, charged Wilcox with professional misconduct, mostly for repeatedly failing to respond to grievances filed against him. The parties entered into stipulations of fact and of rule violations, and they jointly recommended that Wilcox serve a one-year suspension, with conditions for reinstatement, and a one-year period of monitored probation upon reinstatement. Wilcox did not appear for the three-member panel hearing of the Board of Commissioners on Grievances and Discipline in January 2014, but he submitted documentation indicating that he had completed several treatment programs for alcoholism in 2013 and was residing in Wisconsin. The panel issued a report adopting the stipulated rule violations, except for the charge under Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), which relator had dismissed at the hearing. The panel also agreed with the parties' recommended sanction but added another condition for reinstatement. The board adopted the panel's report in its entirety, and no party has filed objections to the board's recommendation.

{¶ 3} Upon our review of the record, we adopt the board's findings and agree that the board's recommended sanction is appropriate in this case.

**Misconduct**

{¶ 4} In 2011 and 2012, relator received grievances against Wilcox involving three matters. In the first matter, Wilcox had failed to notify a domestic-relations court of his attorney-registration suspension. In the second matter, a former client expressed dissatisfaction with Wilcox's representation and stated that Wilcox had failed to return his file, although he refunded the retainer. In the third matter, Wilcox represented a tenant in a landlord-tenant lawsuit,

agreeing on the day of the scheduled trial to a verbal settlement with the landlord. Wilcox was supposed to reduce the agreement to writing, but he failed to follow through and never sent the landlord a copy. Ultimately, the landlord's case was dismissed for failure to prosecute, and the landlord could not later locate the tenant to serve him with a new lawsuit.

{¶ 5} In January through March 2012, relator sent Wilcox a series of letters regarding each of these grievances. Relator sent the letters to his office and home addresses by certified and regular mail. Wilcox signed for many of the letters, but some of them were returned to relator as "unclaimed." Despite relator's warnings that failure to timely reply could lead to disciplinary action, Wilcox did not respond to any of relator's inquiries.

{¶ 6} In April 2012, relator subpoenaed Wilcox to appear for a deposition. At that point, Wilcox contacted relator and stated that he was being treated at an inpatient facility in Newark, Ohio, and he requested that relator resend the letters of inquiry to his home address. As instructed, relator resent the letters to Wilcox's home address by certified mail. But two letters were returned as unclaimed, and relator did not receive a signed certified receipt for the third letter. Still without a response by May 2012, relator sent Wilcox additional letters to his home address and to the treatment center. The letters addressed to the treatment center were returned to relator because Wilcox had left the facility.

{¶ 7} In July 2012, the Lakewood Municipal Court sentenced Wilcox to 180 days in jail for violating conditions of his probation. The probation had been imposed for convictions of operating a vehicle under the influence, failing to stop after an accident, and failing to drive in marked lanes. Relator subsequently hand-delivered a letter of inquiry regarding all three of the grievances to Wilcox in the Cuyahoga County jail. In response, Wilcox requested an extension of time to reply until he was released, but by December 2012, relator had not heard from him. Relator then sent additional letters to the jail and to Wilcox's home, but the

letter to the jail was returned because Wilcox had been released. In January 2013, relator twice hand-delivered letters to Wilcox's residence, but he did not answer either letter.

{¶ 8} Six months later, in July 2013, Wilcox finally responded to relator's inquiries. He informed relator that he had been battling alcoholism and other untreated mental-health conditions for almost two years and at that point, he was undergoing inpatient treatment at a facility in Wisconsin. In August 2013, relator filed a formal complaint against Wilcox, who answered and thereafter participated in the disciplinary process. Although he did not appear for the January 2014 panel hearing, he submitted letters from his counselors in Wisconsin indicating that he had completed a 30-day inpatient treatment program and a 90-day residential treatment program and that he was living in a "sober living facility."

{¶ 9} Based on this conduct, the parties stipulated and the board found that Wilcox violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation). We concur in these findings of misconduct.

**Sanction**

{¶ 10} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. However, because each

disciplinary case is unique, we are not limited to the factors specified in BCGD Proc.Reg. 10(B) and may take into account all relevant factors in determining which sanction to impose.

*Aggravating and mitigating factors*

**{¶ 11}** The parties stipulated, and the board agreed, that the following aggravating factors are present: (1) prior discipline, (2) a pattern of misconduct, and (3) lack of cooperation in the disciplinary process. *See* BCGD Proc.Reg.10(B)(1)(a), (c), and (e). In mitigation, the parties stipulated and the board agreed that Wilcox lacked a dishonest or selfish motive, that he had made an effort at restitution, and that he has been subject to other penalties, namely, the jail time for his probation violation. *See* BCGD Proc.Reg. 10(B)(2)(b), (c), and (f). We concur in these findings, although we give the fact that Wilcox spent time in jail little mitigating value. His jail sentence was for criminal conduct and probation violations unrelated to most of the underlying professional misconduct here, i.e., failure to cooperate in the disciplinary investigation.

*Applicable precedent*

**{¶ 12}** As the board notes, while we have often publicly reprimanded attorneys for failing to cooperate in a disciplinary investigation, we have also held that in some cases, an attorney's lack of cooperation, in and of itself, may warrant an actual suspension. For example, in *Disciplinary Counsel v. Hofelich*, 115 Ohio St.3d 14, 2007-Ohio-4269, 873 N.E.2d 821, the attorney failed to respond to relator's numerous inquiries regarding a grievance filed against the attorney, and he failed to appear for a deposition requested by relator. *Id.* at ¶ 3-9. We found that the attorney's "pugnacious refusal" to respond to disciplinary counsel's repeated inquiries over a year-long period "led relator's staff and the panel members to devote many hours to an investigation that could and should have been resolved much more quickly and at much less cost." *Id.* at ¶ 16. With the presence of only one mitigating factor—no prior discipline—we determined that

the attorney's disregard for the disciplinary process called into question his fitness to serve clients, and we therefore suspended him for six months. *Id.*

{¶ 13} In *Cleveland Bar Assn. v. James*, 109 Ohio St.3d 310, 2006-Ohio-2424, 847 N.E.2d 438, the attorney not only failed to respond to a disciplinary authority's repeated inquiries regarding a grievance, but he also did not participate in the process after relator filed its complaint. We concluded that the attorney's "utter lack of cooperation" in the disciplinary process was "disrespectful to the legal profession and to respondent's colleagues in his community, and it call[ed] into doubt respondent's fitness to serve other clients or potential clients." *Id.* at ¶ 9. Based on these factors, and the fact that the attorney was also under an attorney-registration suspension, we issued a one-year suspension. *Id.* at ¶ 9-11.

{¶ 14} Here, Wilcox failed to respond to relator's inquiries regarding three separate grievances for approximately 18 months, and he spent portions of that time period in jail and treatment facilities. As in *Hofelich* and *James*, his conduct calls into question his fitness to serve clients, and an actual suspension is warranted. Additionally, Wilcox's misconduct was more extensive than that in *Hofelich*, and more aggravating factors exist here than in *Hofelich*, including prior discipline. Therefore, a harsher sanction than in *Hofelich* is appropriate. Accordingly, we agree with the sanction recommended by the board. A one-year suspension with stringent conditions on reinstatement and a one-year period of monitored probation upon reinstatement should adequately protect the public from any possible future harm.

### Conclusion

{¶ 15} Having reviewed the record and the aggravating and mitigating factors and having considered the sanctions imposed for comparable conduct, we adopt the board's recommended sanction. Jeffrey Jon Wilcox is hereby suspended from the practice of law in Ohio for one year, with reinstatement contingent on the following conditions: Wilcox must (1) submit proof that he has

established a contract with the Ohio Lawyers Assistance Program ("OLAP") and participated in the OLAP program as recommended by his OLAP counselor, (2) submit proof that he has continued to make regular visits to his treating mental-health professionals at the frequency recommended by those professionals, (3) submit an evaluation by an OLAP-designated independent and qualified healthcare professional regarding his mental health and the propriety of his reinstatement, (4) submit proof that his treating mental-health professional is of the opinion that he is fit to practice law, and (5) refrain from further misconduct during his suspension. Upon reinstatement, Wilcox shall serve a one-year period of monitored probation. Costs are taxed to Wilcox.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'NEILL, J., dissents and would indefinitely suspend the respondent.

_____

Scott J. Drexel, Disciplinary Counsel, and Bruce T. Davis, Assistant Disciplinary Counsel, for relator.

Jeffrey Jon Wilcox, pro se.

_____