NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7468

DISCIPLINARY COUNSEL *v.* WALTON.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Walton,* Slip Opinion No. 2016-Ohio-7468.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Conditionally stayed six-month suspension.*

(No. 2016-0538—Submitted May 4, 2016—Decided October 27, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-054.

————————————

**Per Curiam.**

{¶ 1} Respondent, Gerald Robert Walton of Independence, Ohio, Attorney Registration No. 0003914, was admitted to the practice of law in Ohio in 1980. On August 27, 2015, relator, disciplinary counsel, charged Walton with professional misconduct arising from his failure to respond to two letters of inquiry and a

subpoena compelling his appearance at a deposition seeking his explanation for two overdrafts of his client trust account.

**{¶ 2}** A panel of the Board of Professional Conduct considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

**{¶ 3}** In the consent-to-discipline agreement, the parties stipulate that in April 2015, Walton's client trust account became overdrawn by more than $100 on two separate occasions and remained at a negative balance for one or more days until each of the transactions that caused the overdrafts was reversed. Although an investigator for the Office of Disciplinary Counsel hand delivered two separate letters of inquiry to Walton, he did not respond to either letter. He also failed to comply with a hand-delivered subpoena compelling his appearance at a deposition.

**{¶ 4}** The parties agree that Walton's conduct violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and Gov.Bar R. V(9)(G) (prohibiting a lawyer from neglecting or refusing to assist in a disciplinary investigation).

**{¶ 5}** The parties agree that the nature of his misconduct—failing to cooperate in the underlying disciplinary investigation—is the sole aggravating factor in this case. *See* Gov.Bar R. V(13)(B)(5). They also stipulate that relevant mitigating factors include the absence of a prior disciplinary record, the absence of a selfish or dishonest motive, Walton's full and free disclosure to relator and his eventual cooperation in the disciplinary proceeding, and his good character and reputation apart from the charged misconduct. *See* Gov.Bar R. V(13)(C)(1), (2), (4), and (5). In addition, they recognize that Walton has an underlying mental-health disorder that contributed to his misconduct, has entered into a three-year contract with the Ohio Lawyers Assistance Program ("OLAP"), and is actively engaged in mental-health treatment. The parties have also submitted a psychological report in which the evaluating psychologist concludes that Walton

"currently possesses the necessary abilities to practice law ethically and competently." *See* Gov.Bar R. V(13)(C)(7).

{¶ 6} The parties stipulate that the appropriate sanction for Walton's misconduct is a six-month suspension, fully stayed on the conditions that he remain in compliance with his OLAP contract and engage in no further misconduct. The panel and the board found that the consent-to-discipline agreement conforms to Gov.Bar R. V(16) and recommend that we adopt the agreement in its entirety.

{¶ 7} In support of this recommendation, the board noted that the sanctions we have imposed for an attorney's failure to cooperate in a disciplinary investigation range from a public reprimand to an actual suspension from the practice of law. *See*, *e.g.*, *Lorain Cty. Bar Assn. v. Paterson*, 98 Ohio St.3d 446, 2003-Ohio-1638, 786 N.E.2d 874 (publicly reprimanding attorney with no prior discipline who failed to respond to a disciplinary investigation when no aggravating factors were present); *Cleveland Bar Assn. v. James*, 109 Ohio St.3d 310, 2006-Ohio-2424, 847 N.E.2d 438 (imposing a one-year suspension on an attorney who failed to cooperate in a disciplinary investigation and failed to respond to the formal complaint filed against him). The parties and the board suggest that a term suspension, fully stayed on conditions, is the best way to ensure that Walton's mental-health disorder will not cause additional harm to the public.

{¶ 8} We agree that Walton's conduct violated Prof.Cond.R. 8.1(b) and Gov.Bar R. V(9)(G) and that a six-month suspension, fully stayed on the recommended conditions, is appropriate. Therefore, we adopt the parties' consent-to-discipline agreement.

{¶ 9} Accordingly, Gerald Robert Walton is hereby suspended from the practice of law for six months, all stayed on the conditions that he fully comply with his OLAP contract and engage in no further misconduct. If Walton fails to comply with the conditions of the stay, the stay will be lifted and he will serve the full six-month suspension. Costs are taxed to Walton.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Donald M. Scheetz, Assistant Disciplinary Counsel, for relator.

Koblentz & Penvose, L.L.C., Richard S. Koblentz, Nicholas E. Froning, and Bryan L. Penvose, for respondent.

_____