**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Goebl,* **Slip Opinion No. 2018-Ohio-5.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-5

DISCIPLINARY COUNSEL *v.* GOEBL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Goebl,* Slip Opinion No. 2018-Ohio-5.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct and the Rules for the Government of the Bar—Conditionally stayed six-month suspension.*

(No. 2017-1083—Submitted September 13, 2017—Decided January 2, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-054.

_____

**Per Curiam.**

{¶ 1} Respondent, Michael Joseph Goebl, of Akron, Ohio, Attorney Registration No. 0080489, was admitted to the practice of law in Ohio in 2006.

{¶ 2} On November 4, 2016, relator, disciplinary counsel, filed a complaint against Goebl with the Board of Professional Conduct.  Relator alleged that Goebl

violated Prof.Cond.R. 8.1(b) by knowingly failing to respond to demands for information and that he violated Gov.Bar R. V(9)(G) by neglecting or refusing to assist in relator's investigation of the allegations in the complaint. The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors and proposed a sanction consisting of a six-month suspension, fully stayed on conditions.

{¶ 3} Based on the parties' stipulations, a panel of the board found by clear and convincing evidence that Goebl committed the charged violations and recommended that he be suspended from the practice of law for six months with the suspension fully stayed on conditions. The board adopted the panel's findings and recommendation and further recommended that Goebl be ordered to pay the costs of the proceedings. We adopt the board's report in its entirety and suspend Goebl from the practice of law for six months, fully stayed on conditions.

**Misconduct**

{¶ 4} Goebl's misconduct is solely the result of his failure to cooperate with relator's investigation of the overdraft of his Interest on Lawyer's Trust Account ("IOLTA"), following the theft and fraudulent issuance of his IOLTA checks by a third party. On January 6, 2016, relator sent a letter of inquiry to Goebl inquiring about the overdraft of his IOLTA. Goebl timely replied to the letter; however, his response did not include most of the information requested. He later advised relator that he would send additional responsive information within ten days, but he failed to do so. And he failed to respond to multiple voicemail messages left for him by relator.

{¶ 5} On April 28, 2016, relator sent Goebl a letter requesting that he immediately provide the information requested in the January 6, 2016 letter. Although relator sent the letter by e-mail and regular first-class U.S. Mail to the addresses that Goebl had provided to the Office of Attorney Services, Goebl did

2

not respond to those communications or a follow-up letter sent by certified mail in June 2016.

{¶ 6} On July 20, 2016, relator sent Goebl a subpoena duces tecum compelling his attendance at a deposition on August 18, 2016. Although Goebel never notified relator that he either would be unable or did not intend to appear, he failed to appear for the deposition and failed to respond to a voicemail message inquiring about his whereabouts. Relator personally delivered a subpoena duces tecum to Goebl at his place of employment compelling his attendance at a second attempted deposition on September 27, 2016. But again Goebl failed to appear or respond in any respect.

{¶ 7} In January 2017, Goebl was evaluated by Jann K. Miller, Ph.D., and diagnosed with adjustment disorder with anxiety. He appeared at relator's office for a deposition in April 2017 and has since cooperated with relator's investigation of the overdraft of his IOLTA account.

{¶ 8} The parties stipulated and the board found by clear and convincing evidence that Goebl's conduct violated Prof.Cond.R. 8.1(b) (failure to respond to demands for information by relator) and Gov.Bar R. V(9)(G) (neglecting or refusing to assist in relator's investigation). We agree with the board's findings of misconduct.

## Sanction

{¶ 9} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), any other relevant factors, and the sanctions imposed in similar cases.

{¶ 10} Here, the parties stipulated and the board found that Goebl's lack of cooperation with the investigative stages of the disciplinary process is an aggravating factor in this case. *See* Gov.Bar R. V(13)(B)(5).

**{¶ 11}** The parties stipulated and the board found the following mitigating factors: the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, and full and free disclosure to the board and a cooperative attitude toward these proceedings. *See* Gov.Bar R. V(13)(C)(1), (2), and (4). Although Goebl has agreed to undergo an evaluation and actively engage in treatment with the Ohio Lawyers Assistance Program ("OLAP"), he has not presented any evidence that his diagnosed mental-health disorder contributed to his misconduct. Therefore, the board did not accord any mitigating weight to his diagnosed mental-health disorder. *See* Gov.Bar R. V(13)(C)(7).

**{¶ 12}** In support of its recommended sanction, the board cited several cases in which a respondent's conduct was limited to failing to cooperate with a disciplinary investigation. In such cases, this court has imposed sanctions ranging from a public reprimand to an actual suspension from the practice of law. *See, e.g.*, *Lorain Cty. Bar Assn. v. Paterson*, 98 Ohio St.3d 446, 2003-Ohio-1638, 786 N.E.2d 874 (publicly reprimanding an attorney for failing to respond to a disciplinary investigation when no aggravating factors were present); *Cleveland Bar Assn. v. James*, 109 Ohio St.3d 310, 2006-Ohio-2424, 847 N.E.2d 438 (imposing a one-year suspension for an attorney's failure to cooperate with a disciplinary investigation or to respond to a formal complaint).

**{¶ 13}** We have typically imposed an actual suspension only when the respondent had prior discipline or completely failed to cooperate in the disciplinary process. *See, e.g.*, *James* at ¶ 9-10; *Cleveland Bar Assn. v. Jaffe*, 121 Ohio St.3d 260, 2009-Ohio-763, 903 N.E.2d 628; *Disciplinary Counsel v. Bunstine*, 144 Ohio St.3d 115, 2015-Ohio-3729, 41 N.E.3d 384. But we have often imposed fully stayed suspensions when the aggravating factors outweigh the mitigating factors or when there is a need to address a respondent's mental health. *See, e.g.*, *Geauga Cty. Bar Assn. v. Corrigan*, 130 Ohio St.3d 84, 2011-Ohio-4731, 955 N.E.2d 984;

*Disciplinary Counsel v. Walton*, 147 Ohio St.3d 357, 2016-Ohio-7468, 65 N.E.3d 748.

{¶ 14} After independently reviewing the record, we agree with the parties, the panel, and the board that the appropriate sanction in this case is a suspension stayed on conditions that include participation in OLAP.

{¶ 15} Accordingly, we suspend Michael Joseph Goebl from the practice of law for six months with the suspension fully stayed on the conditions that Goebl (1) submit to a mental-health evaluation conducted by the Ohio Lawyers Assistance Program within 30 days of the date of this decision, (2) fully comply with any and all treatment recommendations resulting from that evaluation, and (3) engage in no further misconduct. If Goebl fails to comply with a condition of the stay, the stay will be revoked and he will serve the full six-month suspension. Costs are taxed to Goebl.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Jennifer A. Bondurant, Assistant Disciplinary Counsel, for relator.

Donald R. Hicks, for respondent.

_____